IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON PHILLIPS, | ) | |
| Plaintiff(s), | ) | No. C 04-3166 CRB (PR) |
| v. | ) ) | ORDER GRANTING MOTION TO DISMISS |
| JOE McGRATH, et al., | ) ) | (Doc # 6) |
| Defendant(s). | ) ) | |

      Plaintiff, a State of California prisoner, filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging various violations of his federal rights in connection with his temporary placement in administrative segregation ("Ad Seg") pending an investigation into a conspiracy to murder a correctional officer.  Per order filed on January 14, 2005, the court dismissed plaintiff's due process and Fifth and Eighth Amendment claims, but found that his allegations that his placement in Ad Seg was based on race and religion stated a cognizable § 1983 claim against R. Kirkland and S. Wheeler ("defendants"), when liberally construed, and order the United States Marshal to serve them.  Defendants now move for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not exhaust available administrative remedies under 42 U.S.C. § 1997e(a) before he filed suit.  Plaintiff has filed an opposition.

**DISCUSSION**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal appeal, through which the prisoner and staff involved in the action or decision attempt to resolve the grievance informally; (2) formal written appeal on a California Department of Corrections ("CDC") 602 inmate appeal form, usually reviewed by the prison's appeals coordinator; (3) second level appeal, in which review is conducted by the institution's head or designee; and (4)

third level appeal, in which review is conducted by a designee of the director of the CDC. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Id. at 1120.

Here, defendants correctly raise nonexhaustion in an unenumerated motion to dismiss and argue that plaintiff's prisoner action should be dismissed without prejudice because plaintiff did not exhaust available administrative remedies under § 1997e(a) before he filed suit. Defendants specifically argue that although plaintiff filed two appeals (inmate appeals nos. 03-02356 and 03-02411) that are somewhat relevant to equal protection claim at issue, he did not pursue either to the second level or third level of review.[1] Plaintiff responds that it was in fact in a third appeal that he raised the equal protection claim at issue, and that he exhausted available administrative remedies with respect to the claim when the appeals coordinator screened out his appeal and thereby precluded him from appealing any

---

[1]In appeal no. 03-02356, plaintiff challenged his placement in Ad Seg generally as "false." In appeal no. 03-02411, plaintiff challenged the issuance of a form 1030 which supports the fact that this temporary placement and retention in Ad Seg was for valid, non-discriminatory reasons.

3

1 further.

2     A review of the evidence submitted by plaintiff shows that in a first level
3 written appeal submitted on August 30, 2003, he alleged as follows: "On July 11,
4 2003, I was placed in Ad Seg for my alleged involvement in a conspiracy to assault
5 a C/O. I have found out that the security squad used the Muslim services sign-up
6 sheet in order to lock-up the Black Muslims. This is discrimination against my
7 race and religion." On September 21, 2003, the appeals coordinator rejected the
8 appeal on the ground that it "[f]ailed to reasonably demonstrate the decision,
9 action, policy, or condition, as having an adverse affect upon the inmate's welfare .
10 . . ." The screening decision also stated that "[t]his screening decision may not be
11 appealed unless you can support an argument that the above is inaccurate. In such a
12 case, please return this form to the Appeals Office with the necessary supporting
13 information." The relevant issue therefore is whether plaintiff was obliged to
14 proceed any further.

15     The Ninth Circuit recently held that a prisoner need not exhaust further
16 levels of review once he has either received all the remedies that are "available" at
17 an intermediate level of review, or has been reliably informed by an administrator
18 that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir.
19 2005). For instance, an inmate complaining about staff misconduct was deemed to
20 have exhausted all available remedies, because once an investigation had been
21 ordered at the second formal level under California's "staff complaint" process,
22 the authorities lacked any remaining authority to act on the subject of the
23 complaint. Id. at 937-40 (citing Booth, 532 U.S. at 736 n.4). On the other hand, an
24 inmate who was informed at the second formal level that his administrative appeal
25 would be treated as a staff complaint, that any non-staff claims should be
26 separately appealed, that if he were dissatisfied further review was available, and

27
28     4

that the appeal was denied, rather than partially granted as with the first inmate, did not exhaust all available remedies. Id. at 940-43. Here, the court finds that plaintiff did not exhaust all available remedies because it cannot be said that plaintiff was reliably informed by an administrator that no more remedies were available. Id. at 935. The screening decision plaintiff received made clear that he could challenge the appeal coordinator's determination by returning the screening decision form to the appeals office with an argument/information showing that the determination was inaccurate. Plaintiff instead did nothing and thereby failed to avail himself of all available administrative remedies.

Plaintiff's action must be dismissed without prejudice to filing a new action after exhausting available administrative remedies. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (action must be dismissed unless prisoner exhausted his available administrative remedies before he filed suit, even if prisoner fully exhausts while suit is pending). At minimum, plaintiff must make an attempt to challenge the screening determination and proceed to the second and third level of review before it can be said that he exhausted all available administrative remedies as required by § 1997e(a).[2]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to exhaust administrative remedies (doc # 6) is GRANTED and the action is

---

[2] It may well be that plaintiff's attempt to challenge the screening determination and proceed to the second and third level of review will now be denied as untimely. But the potential futility of such an attempt should not relieve plaintiff of following the proper avenues of administrative review. See Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a))). In fact, if plaintiff's attempt is denied as untimely, that probably would constitute exhaustion under the law of the circuit. See Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005).

|   |   |
|---|---|
| 1 | DISMISSED without prejudice. |
| 2 | The clerk shall enter judgment in accordance with this order, terminate all |
| 3 | pending motions as moot and close the file. |
| 4 | SO ORDERED. |
| 5 | DATED:  December 13, 2005 |
|   | CHARLES R. BREYER |
| 6 | United States District Judge |